IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NUMBER: 5:24-CR-50060-TLB

GREGORY SHAWN BERRY

## MOTION TO DISMISS INDICTMENT
## AND BRIEF IN SUPPORT

Comes now the Defendant, Gregory Berry, by the Office of the Federal Public Defender and its attorney, Kevin Lammers, and does hereby respectfully move this Court to dismiss the Indictment (Doc. 1) pursuant to Rule 12(b)(3)(B)(i) of the Federal Rules of Criminal Procedure. In support of this motion, Defendant states as follows:

1.      That on or about November 13, 2024, the Defendant was charged by Indictment with a single count of engaging in the business of dealing in firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D).  (Doc. 1).

2.      Count One of the Indictment alleges that the Defendant willfully engaged in the business of dealing in firearms "[a]s early as January 2022 continuing to on or about July 24, 2024 . . . ."  (Doc. 1).

3.      On June 25, 2022, the Bipartisan Safer Communities Act (the "BSCA") was signed into law; the BSCA amended certain sections of Chapter 44 of Title 18 of the United States Code.

4.      Title 18 U.S.C. § 922(a)(1)(A) provides that it shall be unlawful for any person except a licensed dealer "to engage in the business of . . . dealing in firearms . . . ."  As amended by the BSCA, the term "engaged in the business" is now defined in relevant part to mean,

1

> as applied to a dealer in firearms, as defined in section 921(a)(11)(A), a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business ***to predominantly earn a profit*** through the repetitive purchase and resale of firearms, but such term shall not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms . . . .

18 U.S.C. § 921(a)(21)(C) (emphasis added).  The term "dealer" is defined at § 921(a)(11)(A) to mean "any person engaged in the business of selling firearms at wholesale or retail . . . ."

5.      Prior to the BSCA, the term "engaged in the business" was defined in relevant part to mean,

> as applied to a dealer in firearms, as defined in section 921(a)(11)(A), a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business ***with the principal objective of livelihood and profit*** through the repetitive purchase and resale of firearms, but such term shall not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms . . . .

18 U.S.C. § § 921(a)(21)(C) (effective Feb. 1, 2019, to June 24, 2022) (emphasis added).

6.      The allegedly criminal conduct charged in the Indictment straddles the effective date of the BSCA.  The current version of § 922(a)(1)(A) cannot be applied to conduct that occurred prior to the BSCA's enactment without violating the Ex Post Facto Clause of Article I, Section 9 of the United States Constitution.  *See United States v. McQuiston*, 307 F.3d 687, 689 (8th Cir. 2002) ("A criminal statute violates the Ex Post Facto Clause if it is applied retroactively to events occurring before its enactment and either alters the definition of criminal conduct or increases the punishment for a crime.") (*citing Lynce v. Mathis*, 519 U.S. 433, 441 (1997)). Because the BSCA amended the definition of a key term in § 922(a)(1)(A), the Defendant has effectively been charged with committing two distinct offenses in a single count of the

Indictment—one offense involving alleged conduct occurring between January 2022 and June 24, 2022 (to which the old version of § 922 would apply), and another involving alleged conduct occurring between June 25, 2022, and July 24, 2024 (to which the current version would apply). As such, the Indictment is duplicitous and must be dismissed.

WHEREFORE, the Defendant Gregory Berry respectfully requests that this Court dismiss the Indictment (Doc. 1) as duplicitous pursuant to Rule 12(b)(3)(B)(i) of the Federal Rules of Criminal Procedure, and for all other relief to which he may be entitled.

Respectfully submitted,

BRUCE D. EDDY
FEDERAL PUBLIC DEFENDER
WESTERN DISTRICT OF ARKANSAS

By:  /s/ Kevin Lammers
Kevin Lammers
Assistant Federal Public Defender
112 West Center Street, Suite 300
Fayetteville, AR 72701
(479) 442-2306

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to Mr. David Harris, Assistant United States Attorney and a copy of this pleading was mailed by the United States Postal Service to: none.

/s/ Kevin Lammers
Kevin Lammers
Assistant Federal Public Defender