**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | Case No. 5:24-CR-50060-001 |
| | ) | |
| **GREGORY SHAWN BERRY** | ) | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION TO DISMISS INDICTMENT**

Comes now, the United States of America, by and through Assistant United States Attorney David Harris, who for the Government's Response to the Defendant's Motion to Dismiss the Indictment in this matter does state:

On November 13, 2024, the Grand Jury sitting in the Western District of Arkansas indicted the defendant on one count of Engaging in the Business of Dealing in Firearms Without a License, in violation of Title 18, United States Code, Section 922(a)(1)(A). The Indictment alleges that "as early as January 2022 continuing to on or about July 24, 2024" the defendant committed the offense of willfully engaging in the business of dealing in firearms without a license. The Indictment does not list a specific date of the offense, but rather a continuing offense covering the span of over two and a half years.

On December 19, 2024, the defendant filed a Motion to Dismiss the Indictment. In his motion, the defendant claims the Indictment violates the Ex Post Facto Clause of the Constitution and is duplicitous. The defendant asserts that because the definition of "engaged in the business" was amended on June 25, 2022, the defendant has effectively been charged with two distinct offenses in a single count of the Indictment. One, conduct occurring between January 2022 and June 24, 2022; and two, conduct occurring between June 25, 2022, and July 24, 2024.

1

Article I, § 10, of the Federal Constitution provides that "[n]o State shall ... pass any ... ex post facto Law." *Lynce v. Mathis*, 519 U.S. 433, 440 (1997). To fall within the ex post facto prohibition, a law must be retrospective-that is, "it must apply to events occurring before its enactment" and it "must disadvantage the offender affected by it," *Weaver v. Graham*, 450 U.S. 24, 30, 101 S.Ct. 960, 965, 67 L.Ed.2d 17 (1981) by altering the definition of criminal conduct or increasing the punishment for the crime, *See Collins v. Youngblood*, 497 U.S. 37, 50, 110 S.Ct. 2715, 2723, 111 L.Ed.2d 30 (1990).

The defendant's ex post facto argument is meritless. First, the statute itself punishes the exact same conduct in January of 2022 that it did in July of 2024, thereby adequately placing the defendant on notice. Second, the definition of "engaged in the business" was changed under the Bipartisan Safer Communities Act (BCSA) in pertinent part to read *"to predominately earn a profit"* as opposed to *"with the principal objective of livelihood and profit."* This clarification in the definition of Title 18, United States Code, Section 921(a)(1)(A) in no way changes the substance of the statute, nor does it change the proof required to establish a violation. As the U.S. Supreme Court noted, the central concern of the Ex Post Facto Clause is "the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." *Weaver v. Graham*, 450 U.S. 24, 30, 101 S.Ct. 960, 965, 67 L.Ed.2d 17 (1981). Those concerns are not implicated by Congress clarifying a term within the statute.

The defendant also claims the Indictment is duplicitous, arguing that he has effectively been charged with committing two distinct offenses in the single count of the Indictment. "Duplicity is the joining in a single count of two or more distinct and separate offenses." *United States v. Street*, 66 F.3d 969, 974 (8th Cir.1995) (internal quotations omitted). "The principal vice

2

of a duplicitous Indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense." *United States v. Karam*, 37 F.3d 1280, 1286 (8th Cir.1994), cert. denied, 513 U.S. 1156, 115 S.Ct. 1113, 130 L.Ed.2d 1077 (1995). As is clear from the Indictment in this case, the conduct charged is a continuous offense of dealing in firearms without a license going back to as early as January of 2022 and continuing to July of this year. The conduct is exactly the same and doesn't require proof of different elements. Technically, the defendant could be charged each time he set up at a gun show to unlawfully engage in the business of dealing in firearms, but that is not the way he was charged and rules about multiplicity and duplicity are pleading rules. Nevertheless, The Eighth Circuit Court of Appeals has held that a duplicitous charge in an Indictment may be cured by giving the jury a limiting instruction to unanimously find the defendant guilty of at least one distinct act. *United States v. Pietrantonio*, 637 F.3d 865, 869 (8th Cir. 2011).

## CONCLUSION

For the reasons stated above, the defendant's motion is meritless and should be denied.

        Respectfully submitted,

        David Clay Fowlkes
        United States Attorney

    By: /s/David A. Harris
        David A. Harris
        Assistant United States Attorney
        Arkansas Bar No. 2003104
        414 Parker Avenue,
        Fort Smith, AR 72901
        Phone: (479) 783-5125
        Fax: (479) 785-2442

**CERTIFICATE OF SERVICE**

I, David A. Harris, Assistant United States Attorney for the Western District of Arkansas, hereby certify that on December 26, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/David A. Harris*

David A. Harris
Assistant United States Attorney