IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                          PLAINTIFF

V.                                  CASE NO. 5:24-CR-50060

GREGORY SHAWN BERRY                                                               DEFENDANT

## ORDER

Now before the Court is Defendant Gregory Berry's Motion to Revoke Detention Order (Doc. 14). On November 13, 2024, an indictment was filed accusing Mr. Berry of willfully engaging in the business of dealing in firearms while not being a licensed firearms dealer in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D). (Doc. 1). Mr. Berry was arrested November 15, 2024 and appeared for arraignment before United States Magistrate Judge Christy Comstock November 18, 2024. Mr. Berry was detained pending a detention hearing, which occurred November 20, 2024. Judge Comstock took the matter under advisement and issued an Order of Detention (Doc. 13) the next day, November 21, 2024. Mr. Berry now appeals Judge Comstock's decision and requests a hearing on the matter.

The Court reviews the detention order de novo. The Court has considered all applicable documents filed of record and carefully studied the official transcript of the November 20 detention hearing, including the testimony of Special Agent Tyler Cowart and Mr. Berry's friend and former employer Glen Poore, and the arguments of counsel. As a threshold matter, the Court finds that a hearing is not necessary because the record is sufficiently detailed to allow the Court to evaluate Judge Comstock's detention decision. See *United States v. Barber*, 2013 WL 3580195, at *1 (W.D. Ark. July 12, 2013) (citing

*United States v. Maull*, 773 F.2d 1479, 1484 (8th Cir. 1985)) ("Although the review [of a magistrate judge's detention order] is de novo, and the Court has the power to hold an additional hearing if necessary and desirable, the Court may also simply review the evidence that was before the Magistrate and make an independent determination of whether the Magistrate's findings are correct.").

Detention is appropriate where "the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community." *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 & n.20 (8th Cir.1985) (en banc)). On its de novo review of the record, the Court agrees with Judge Comstock's conclusion that the government has shown, by clear and convincing evidence, that no set of release conditions can reasonably assure the safety of other persons or the community if Mr. Berry is released before trial. **IT IS THEREFORE ORDERED** that the Detention Order (Doc. 13) is **AFFIRMED** and the Defendant's Motion (Doc. 14) is **DENIED**.

**IT IS SO ORDERED** on this 7th day of January, 2025.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE