**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                    **CASE NO. 5:24-CR-50060-001**

**GREGORY SHAWN BERRY**

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE "ETRACE" EVIDENCE**
**PERTAINING TO THE RECOVERY OF FIREARMS LINKED TO DEFENDANT**

Comes now the Defendant, Gregory Berry, by and through undersigned counsel, and pursuant to Federal Rules of Evidence 401, 402, & 403 respectfully moves the Court to exclude evidence pertaining to the "tracing" of firearms recovered from various third parties and linked to Defendant as the last documented purchaser.

## BACKGROUND

On November 13, 2024, Defendant was indicted on one count of engaging in the business of dealing in firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), & 924(a)(1)(D). (Doc. 1). The Indictment specifically alleges that Defendant, from January 2022 through July 24, 2024, willfully engaged in the business of dealing in firearms without a license. *Id.* On November 18, 2024, Defendant entered a plea of not guilty. (Doc. 7). Jury trial in this matter is scheduled for March 3, 2025. (Doc. 30).

## LAW AND ANALYSIS

Evidence that firearms previously owned by Defendant were, at some point in the future, recovered by law enforcement from third parties bears no relevance as to whether Defendant profited from[1] the sale of firearms. Defendant anticipates that, at trial, the Government will offer

---

[1] Counsel acknowledges that "profiting from" is an oversimplification of the legal standard for "engaged in the business" of dealing in firearms. As the Court is well-aware, the legal standard for that element of the crime

1

(through testimony or exhibits) evidence that twelve firearms purchased by Defendant over the course of a seven-year span (April 20, 2017 – February 9, 2024) were recovered by law enforcement during various criminal investigations (hereinafter "ETrace evidence").[2]  Absent multiple unwarranted inferences by the jury, evidence of these recoveries is irrelevant and, thus, inadmissible.

Irrelevant evidence is inadmissible.  Fed. R. Evid. 402.  The test for determining whether evidence is relevant under Federal Rule of Evidence 401 is whether: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  The threshold for whether evidence is relevant or not is low.  *See United States v. Casares-Cardenas*, 14 F.3d 1283, 1287 (8th Cir. 1994) ("Relevance is established by any showing, however slight, that makes it more or less likely that the defendant committed the crime in question.").  This Court is afforded "great deference" on determinations of admissibility under Rule 402.  *United States v. Walker*, 68 F.4th 387, 392 (8th Cir. 2023) (quoting *United States v. Pumpkin Seed*, 572 F.3d 552, 558 (8th Cir. 2009)).

In the instant case, the Government will be able to show that Defendant, who is not a federally-licensed firearms dealer, sold firearms on occasion—on this point there is no dispute.  The central issue of this trial will be whether Defendant was selling firearms between January 2022 and July 24, 2024, to "predominantly earn a profit" or "for the enhancement of a personal collection or for a hobby."  18 U.S.C. § 921(a)(21)(C).  The evidence at issue in the instant Motion categorically does not even slightly assist the jury in determining whether Defendant was engaged

---

charged changed during the Indictment period.  (Doc. 29).  For purposes of this Motion, counsel avers that the relevancy, or lack thereof, of the challenged evidence is controlled by the same analysis under all applicable versions of 18 U.S.C. § 921.

[2] Two firearms were traced back to Defendant from a local Drug Task Force investigation—that suspect was later interviewed by ATF and identified Defendant as selling the firearms directly to him.  Defendant concedes that, assuming such suspect testifies at trial, ETrace evidence in that particular instance is relevant.

in the business of dealing in firearms.  First, the ETrace evidence in and of itself does not contain any proof that the recovered firearms were purchased from or even obtained from Defendant. While Defendant was the last known purchaser (at least by ATF records) of all twelve firearms, none of the suspects in those cases identified Defendant as the individual the firearms were obtained from.

As one example, on February 26, 2024, a juvenile was encountered by law enforcement in possession of an AR pistol.  The juvenile explained to law enforcement that he had borrowed the firearm from a friend and coworker the day before.  Defendant was the last known purchaser of the firearm in question.  However, there is no evidence that Defendant sold the firearm to the juvenile or his coworker.  For evidence of this incident to be relevant to Defendant's case, a fact-finder would need to infer not just that Defendant disseminated the firearm, but also that he did so for pecuniary gain.  For evidence of the fact that the firearm was found in possession of a minor to be relevant, the fact-finder would also need to infer that Defendant somehow *knew* that the firearm would find its way into a minor's hands and sold it with that in mind.  *See United States v. Hollister*, 746 F.2d 420, 423 (8th Cir. 1984) (finding that third-party's bad acts were irrelevant to defendant's duress defense because he had no knowledge of such bad acts). The evidence's relevancy thus depends on a highly-attenuated chain of inferences.  Even more concerning, six of the twelve ETrace incidents at issue occurred prior to the Indictment date range.[3]  Evidence of those six incidents is not only irrelevant, but also admission of this evidence would be unconstitutional[4] and potentially violative of Federal Rule of Evidence 404.

---

[3] Purchase dates of April 20, 2017; January 17, 2019; September 21, 2020; March 1, 2021; and November 27, 2021 (two firearms).

[4] Introduction of firearms purchases or sales prior to January 2022 invites the jury to convict Defendant for crimes not charged in the Indictment, which violates his Fifth and Sixth Amendment Rights.  *See United States v. Stuckey*, 220 F.3d 976, 980–83 (8th Cir. 2000) (discussing whether a change in the date of offense constituted an unconstitutional "variance" or an unconstitutional "constructive amendment", finding that the defendant did not preserve the "constructive amendment" argument, and finding that any "variance" was not prejudicial).

Should the Court determine that the ETrace evidence is categorically relevant to Defendant's guilt, the probative value of such evidence is substantially outweighed by unfair prejudice against the Defendant. Specifically, the ETrace evidence unfairly prejudices the Defendant by introducing evidence that firearms he formerly possessed were allegedly used in crimes committed by others.[5] To the extent the Government seeks to introduce evidence that Defendant's former firearms were recovered in criminal investigations, such evidence has almost no probative value (if any) absent evidence that Defendant was aware those firearms would eventually be used for illegal acts. On the other side of the scale, the introduction of evidence concerning those criminal investigations might lure the jury into deciding the case for the Government for a variety of improper reasons (i.e., the nature of the criminal investigations, political concerns about illegal distribution of guns to known felons, unfounded belief that Defendant somehow was an accomplice to other crimes, conflating the bad character of third parties with Defendant's character). *See Old Chief v. United States*, 519 U.S. 172, 180 (1997) ("The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.").

## CONCLUSION

WHEREFORE, Defendant, Gregory Berry, respectfully requests that his Motion be granted and that the Court order the ETrace evidence excluded from the trial of this matter.

Respectfully submitted,

JAMES B. PIERCE
FEDERAL PUBLIC DEFENDER
WESTERN DISTRICT OF ARKANSAS

---

[5] Part of the unfair prejudice calculus is that the third parties who wound up with Defendant's former firearms are presumed innocent—Defense counsel has not been provided with information regarding how many of the twelve individuals were eventually convicted for firearms-related offenses.

4

By: /s/ *Kevin Lammers*
Kevin Lammers
Assistant Federal Public Defender
112 W. Center St., Suite 300
Fayetteville, AR 72701
(479) 442-2306

Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to Mr. David Harris, Assistant United States Attorney, and that a copy of this pleading was mailed by the United States Postal Service to: none.

/s/ *Kevin Lammers*
Kevin Lammers
Assistant Federal Public Defender